UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME JONES,

        Petitioner,

                                Case No. 15-11426
v.                        Hon. Terrence G. Berg

MITCH PERRY,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 9); (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1); AND (3) GRANTING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Jerome Jones ("Petitioner") a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Jackson Circuit Court convictions for possession with intent to deliver heroin, MICH. COMP. LAWS § 333.7401(2)(a)(i), possession with intent to deliver cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(i), resisting arrest, MICH. COMP. LAWS § 750.81d(1), maintaining a drug house, MICH. COMP. LAWS § 333.7405(1)(d), marijuana possession, MICH. COMP. LAWS § 333.7403(2)(d), and evidence tampering, MICH. COMP. LAWS § 750.483(6)(b). As a result of these convictions, Petitioner was sentenced as a fourth-time habitual felony offender to a controlling sentence of 6-to-30 years' imprisonment.

The petition raises four claims: (1) the trial court erroneously allowed admission of drug-profile evidence; (2) the trial court erroneously allowed admission

of Petitioner's armed robbery conviction as impeachment evidence; (3) Petitioner was denied his right to confrontation under the Sixth Amendment by the prosecutor's failure to disclose the identity of a confidential informant; and (4) insufficient evidence was admitted at trial to sustain Petitioner's convictions.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner's latest filing includes a marked-up copy of Respondent's motion, and the handwritten annotations appear to constitute Petitioner's response to the motion. (Dkt. 17).

The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will, however, grant Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. FACTUAL BACKGROUND

Following his conviction and sentence, Petitioner filed a direct appeal in the Michigan Court of Appeals. On December 11, 2012, the court affirmed Petitioner's convictions. *People v. Jones*, No. 306411 (Mich. Ct. App. Dec. 11, 2012). Petitioner appealed this decision, but the Michigan Supreme Court denied his application for leave to appeal on June 25, 2013. *People v. Jones*, 494 Mich. 868 (2013) (Table). Petitioner's direct appeal appears to have raised all the claims Petitioner is asserting in his present habeas petition. The United States Supreme Court denied certiorari on October 15, 2013. *Jones v. Michigan,* 134 S. Ct. 458 (2013).

On January 21, 2014, Petitioner filed a petition for a writ of habeas corpus challenging his convictions in the United States District Court for the Western District of Michigan. On July 7, 2014, the petition was dismissed without prejudice on exhaustion grounds. *Jones v. Tribley*, Western District of Michigan No. 2:14-cv-00025 (July 7, 2014). The Sixth Circuit denied a certificate of appealability on December 18, 2014.

While his first habeas petition was pending, on June 12, 2014, Petitioner filed a motion for relief from judgment in the state trial court. This motion appears to raise claims that are not being raised in the instant action. The motion was denied on June 26, 2014. Petitioner filed a second motion for relief from judgment in July of 2014. The trial court denied this motion by order dated September 25, 2014. The order indicated that the motion was being denied in part because it constituted a prohibited second motion for post-conviction review under Michigan Court Rule 6.508(G). (Dkt. 16-19). A third motion for relief from judgment was denied on the same grounds on October 30, 2014. (Dkt. 16-23).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals with respect to the September 25, 2014 decision denying his second motion for relief from judgment. On December 4, 2014, the Michigan Court of Appeals dismissed the appeal under Michigan Court Rule 6.502(G)(1), as an attempted appeal from an improper successive motion for relief from judgment. *People v. Jones*, No. 324232 (Mich. Ct. App. Dec. 4, 2014). Petitioner did not pursue further relief in the state courts.

The present habeas action was dated by Petitioner on April 13, 2015, and was filed in this Court on April 17, 2015.

## II. DISCUSSION

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is

tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Neither party asserts that a different starting point applies. Under this provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court denied Petitioner's petition for a writ of certiorari on October 15, 2013. The statute of limitations began running the next day, on October 16, 2013. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Respondent asserts that Petitioner is not entitled to statutory tolling for the period of time in which his first federal habeas petition was pending in the Western District of Michigan. This is true because the petition was not a *state* petition for post-conviction review under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 181, 182 (2001).

Petitioner filed his first motion for relief from judgment in the state trial court on June 12, 2014. On that date, Petitioner had a properly filed petition for state post-conviction review pending in the state court, so the limitations period began to toll under § 2244(d)(2) on that date. Between the time the United States Supreme Court denied direct review and Petitioner filed his state post-conviction review proceeding, 239 days had elapsed on the limitations period.

The trial court denied Petitioner's first motion for relief from judgment on June 26, 2014, and Petitioner did not appeal that decision. The day after the trial court denied the motion, the limitations period started running again because Petitioner no longer had a pending petition for state post-conviction review under § 2244(d)(2).

Petitioner is not entitled to tolling for the period in which he could have, but did not, appeal the trial court's denial of his first motion for relief from judgment. *See Carey v. Saffold*, 536 U.S. 214, 225-226 (2002); *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Scarber v. Palmer*, 2015 U.S. App. LEXIS 22296 (6th Cir. 2015) ("§ 2244(d)(2) burdens the petitioner with the responsibility of preserving a 'pending' status of review by appealing . . . an otherwise final state-court order.").

Petitioner's subsequent motions for relief from judgment, and the appeal he attempted to file from the denial of his second motion, also did not statutorily toll the limitations period. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2) when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

Because federal courts defer to state courts on issues of state law and procedure, this Court must defer to the state court's finding that Petitioner's subsequent post-conviction motions and appeal did not come within one of the

6

enumerated exceptions to the general rule that no successive post-conviction motions may be filed. *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F.3d at 771-72. A state court's determination whether a habeas petitioner's post-conviction motion was properly filed governs whether a petitioner's post-conviction motion action tolls the statute of limitations under § 2244(d)(2). *Vroman*, 346 F.3d at 603. Indeed, the Sixth Circuit has ruled that a habeas petitioner's second motion for relief from judgment that is rejected by the state courts pursuant to Michigan Court Rule 6.502(G), as Petitioner's second and third post-conviction motion were, are not properly filed applications for post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012). The Sixth Circuit has also ruled that appeals from the denial of a successive motion for relief from judgment do not toll the limitations period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013). Accordingly, Petitioner's second and third motion for relief from judgment and appeal did not statutorily toll the limitations period.

Therefore, the limitations period stopped tolling under § 2244(d)(2) the day after the trial court denied Petitioner's first motion for relief from judgment, or on June 27, 2014. It continued running until April 13, 2015, the day he commenced this action by signing his habeas petition and turning it over to the prison for mailing. This was a period of 291 days. Adding this period together with the 239 days the limitations period ran after Petitioner's direct review, a total of 530 days, or more than one year, had elapsed prior to the filing of this petition.

The petition is therefore time-barred unless Petitioner can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner does not offer any compelling argument that he is entitled to equitable tolling. Petitioner seems to allege that he had ineffective help from jail-house legal writers, that he was transferred between prisons, and that his numerous filings in the state courts show that he was acting with diligence to pursue his rights. But none of these facts present extraordinary circumstances. The most Petitioner can say is that he was personally unaware and led astray by jail-house legal writers into thinking that his second and third motions for relief from judgment and the appeal that followed were proper applications for post-conviction relief. But the fact that Petitioner is untrained in the law or may have been unaware of the manner in which the statute of limitations is calculated does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Nor is Petitioner entitled to equitable tolling for the period during which his first federal habeas petition was pending. In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit found that a petitioner whose original federal habeas petition was filed within the one-year statute of limitations, but whose petition, after the statute of limitations had expired, was voluntarily dismissed without prejudice to allow exhaustion of state remedies, would be entitled to equitable tolling provided the petitioner filed for state court relief within thirty days of dismissal of his unexhausted petition and returned to federal court within thirty days of exhausting his claims. *See also Griffin v. Rogers*, 308 F.3d 647, 651-652 (6th Cir. 2002).

Here, Petitioner initially acted with diligence by filing his first motion for relief from judgment in the state trial court on June 12, 2014, about a month before his first federal habeas petition was dismissed. Yet instead of acting with diligence after his motion was denied, Petitioner instead filed two additional prohibited motions for relief from judgment in the trial court, and then he pursued a frivolous appeal from the denial of his second motion.

Moreover, even giving Petitioner the maximum benefit of the doubt, his improper state appeal from his second motion was dismissed by the Michigan Court of Appeals on December 4, 2014. Petitioner waited well beyond the thirty day period allowed by *Palmer* when he finally filed the instant federal petition on April 13, 2015. Thus, Petitioner is not entitled to equitable tolling for the period in which his prior federal petition was pending.

The Court notes that in *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004), the habeas petitioner was awarded equitable tolling for the time in which his prior first federal habeas petition was pending. As in the present case, the petitioner in *Johnson* acted with reasonable diligence after his first federal petition was dismissed on exhaustion grounds by filing his motion for relief from judgment in the state trial court within about sixty days. *Id*. Unlike the present case, however, the petitioner in *Johnson* then timely pursued appellate relief in the Michigan Court of Appeals and Michigan Supreme Court, and then he filed his federal petition about two and one-half months after exhaustion of his state court remedies. *Id*.

Here, in sharp contrast, Petitioner waited nearly a year between the denial of his properly filed state post-conviction review proceeding on June 26, 2014, before he filed the current action on May 13, 2015. Petitioner therefore did not act with reasonable diligence after his first federal proceeding was dismissed, and so he is therefore not entitled to equitable tolling for the time in which his first federal proceeding was pending. *See Palmer*, 276 F.3d at 781-82.

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

10

reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence in his petition or response to Respondent's motion to establish that he was actually innocent of the crimes charged. *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Accordingly, the Court will grant Respondent's motion for summary disposition and dismiss the petition.

### III. CONCLUSION

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it

11

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could debate the Court's procedural ruling because, although distinguishable, some decisions permit equitable tolling for the period in which a prior federal habeas petition is pending. *See, e.g., Johnson, supra*; *Corbin v. Straub*, 156 F. Supp. 2d 833, 837 (E.D. Mich. 2001). A certificate of appealability will therefore be granted. A certificate of appealability will therefore be granted.

Leave to appeal in forma pauperis is also granted because an appeal of this order could be taken in good faith. 18 U.S.C. § 1915(a)(3).

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.** Accordingly, Petitioner's additional motions (Dkt. Nos. 20, 21, 25, and 26) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **GRANTED.**

**SO ORDERED.**


Dated:  June 10, 2016                             s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on June 10, 2016, using the CM/ECF system; a copy of this Order was also mailed to the Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, Michigan, 49221.

                                                  s/A. Chubb
                                                  Case Manager